IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  TERRI L. HOBBY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>1.  AHS SOUTHCREST HOSPITAL L.L.C., )<br>a Foreign Limited Liability Company, )<br>d/b/a Hillcrest Hospital South, )<br>)<br>Defendant. ) | Case No. 16-CV-412-JED-TLW |

## COMPLAINT

COMES NOW, the Plaintiff herein, Terri L. Hobby ("Plaintiff"), by and through her attorney of record, James R. Huber,  and for her complaint against the Defendant, AHS Southcrest Hospital, L.L.C., a Foreign Limited Liability Company, doing business as Hillcrest Hospital South, ("Defendant"), alleges and states as follows:

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed.R.Civ.P., and Rule 38.1, Local Court Rules, Plaintiff demands a jury trial against Defendant.

1.     Plaintiff brings these causes of action and seeks  declaratory, injunctive, and equitable relief, compensatory and punitive damages along with  liquidated damages, costs and attorney fees for the harassment and termination suffered by the Plaintiff in her employment with Defendant.

## J U R I S D I C T I O N

2.     These Counts arise under title VII of the Civil Rights Act of 1964, as amended 42 USC §12000-3 et eeq. (Supp II, 1972) hereafter ("Title VII") and the Oklahoma

1

Anti-Discrimination Act (OADA), 25 O.S.2011, §§ 1101, providing relief against sexual harassment and termination in employment, discrimination and for retaliatory discharge and the Age Discrimination Act of 1967, as Amended.

3.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343, 42 USC § 2000-e et se1., 25 O.S.2011, §§ 1101 through 1706.

4.   The Unlawful employment practices alleged below were and are being committed within the Northern District of Oklahoma

## PARTIES

5.   Plaintiff is a female citizen of the United States and at all times material to this action, is a resident of the City of Tulsa, Tulsa County, State of Oklahoma. At all relevant times herein, Plaintiff was an "eligible employee".

6.   Defendant, is a Foreign Limited Liability Company, and maintains an office and a place of business in the city of Tulsa, State of Oklahoma.   At all times material herein, Defendant has continuously been and is now an "employer" in an industry affecting commerce within the meaning of Section 501 (b)(g) and (h) of Title VII, 42 USC § 2000-e(b)(g) and (h) and The Age Discrimination Act fo 1967, as amended.

## ADMINISTRATIVE PROCEDURES

7.   Within one-hundred eighty days of the occurrence of the acts of which Plaintiff complains, Plaintiff filed charges of employment discrimination with Equal Employment Opportunity Commission (EEOC).

8.   On or about April 5, 2016, Plaintiff received a "Notice of Right to Sue" from the EEOC.  A true and exact copy of said Notice of Right to Sue is attached hereto as Exhibit "A" and incorporated by reference as if fully set forth herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is a female, aged 56, who began her employment with the Defendant on or about May 7, 2012.

10. From the beginning of her employment, Plaintiff's supervisor, Theo Cobbs, an African American male, (hereinafter referred to as "Cobbs") made unwanted sexual advances toward Plaintiff by attempting making comments about Plaintiff's appearances.

11. Beginning in October 2012 through November 2012, Cobbs became increasingly more aggressive with comments about Plaintiff's appearance by referring to her as sexy and that she "smelled good enough to eat." Cobbs also asked Plaintiff is she was curious about "black men" in a sexual way. Cobbs also began asking Plaintiff to go out for drinks and dancing after work.

12. That Plaintiff initially refused Cobbs' sexual advances, and refused to go out with him, but Cobbs was persistent in his pursuit of Plaintiff.

13. That Plaintiff felt intimidated by Cobbs' advances and felt that her employment was being affected in a negative way by Cobbs' sexual interest.

14. From November 2012 through January 2013, Plaintiff had a sexual relationship with Cobbs.

15. In late January 2013, Plaintiff ended the sexual relationship with Cobbs.

16. From the moment Plaintiff ended the sexual relationship with Cobbs, he began to retaliate against the Plaintiff by denying her time off work, forcing her to do more tasks than her co-workers, holding her to different standards, writing Plaintiff up for a false infraction and telling her not to discuss their relationship or suffer termination.

17. In August of 2013, as a result of the hostile work environment, Plaintiff reported

the sexual relationship and harrasment to the Defendant and that Cobbs was now retaliating against her.

18. That after reporting the matter to Defendant, Plaintiff was forced to continue to work with Cobbs. From August 2013 through the end of November 2013, Cobbs told Plaintiff that "you better shut up" regarding their relationship and his treatment of her on the job and told her that "you will get fired not me."

19. In late November 2013, Defendant terminated Cobbs for sexually harassing Plaintiff and seven other employees of Defendant .

20. Beginning in July 2014, Plaintiff began working under the management of Kimberly Miles (black female) Department Director, (hereinafter referred to as "Miles") and Raichelle Loftin (black female) Supervisor, (hereinafter referred to as "Loftin"). That Miles and Loftin started retaliating against the Plaintiff by reprimanding Plaintiff for false reasons, intimidating Plaintiff and alienating her at work because of her reporting the sexual harassment retaliation by Cobb.

21. Defendant wrongfully suspended Plaintiff from May 22 until May 27, 2015 in retaliation for her reporting the sexual harassment of Cobbs.

22. Plaintiff worked without incident from May 27, 2015 until June 8, 2015.

23. On June 8, 2015, Defendant terminated Plaintiff, who was 55 years old.

24. That Plaintiff was replaced by a younger worker, under the age of 40.

## COUNT ONE
## CAUSE OF ACTION PURSUANT TO VII
## FOR SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

25. For Count One, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

26. That the above described acts of sexual harassment and threats created a hostile working environment.

27. As a further and proximate result of said acts, Plaintiff is now suffering and will continue to suffer irreparable harm and injury from the Defendant's practices as set forth herein

28. As a proximate result of Defendant's wrongful acts as set forth, Plaintiff has suffered emotional distress, humiliation, embarrassment and mental anguish.

29. Defendant at all times has been acting with malice towards Plaintiff and with conscious disregard of Plaintiff's rights.

WHEREFORE, premises considered, Plaintiff respectfully prays for, and based on the above, is entitled to, a declaratory judgment that the policies, practices and procedures, complained of herein, violated Plaintiff's rights, as secured by Title VII of the Civil Rights Act of 1964 as amended, make award Plaintiff damages for humiliation, pain, suffering and emotional distress in an amount in excess of $100,000.00, plus punitive damages in an amount in excess of $100,000.00, and grant such additional relief as the court deems just and proper.

## COUNT TWO
## CAUSE OF ACTION PURSUANT TO VII
## RETALIATION AND WRONGFUL TERMINATION

30. For Count Two, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

31. Defendant, acting in bad faith, arbitrarily and wrongfully terminated the Plaintiff for the purpose of retaliating against her for reporting the sexual harassment and retaliation.

32. As a result of her wrongful discharge, Plaintiff has suffered loss of income, loss of fringe benefits and job security.

33. Also as a result of the said unlawful acts, plaintiff has suffered humiliation,

embarrassment, mental and emotional distress and anguish, loss of self esteem and harm to personal and business reputation.

34.     The aforesaid unlawful acts of Defendant were done willfully and maliciously and with reckless disregard for Plaintiff's rights.

WHEREFORE, premises considered, Plaintiff respectfully prays for, and based on the above is entitled to a declaratory judgment that the policies, practices and procedures, complained of herein, violated Plaintiff's rights, as secured by Title VII of the Civil Rights Act of 1964 as amended, and make Plaintiff whole by awarding her damages for loss of income and fringe benefit in excess of $65,000.000, for damages for humiliation, pain, suffering and emotional distress in an amount in excess of $65,000.00, plus punitive damages in an amount in excess of $65,000.00, and grant such additional relief as the court deems just and proper.

## COUNT THREE
## CAUSE OF ACTION PURSUANT TO OKLAHOMA ANTI-DISCRIMINATION ACT

35.     For Count Three, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

36.     That a factor in Defendant's decision to retaliate and terminate Plaintiff was her reporting of sexual harassment.

37.     That Defendant created a hostile work environment because Plaintiff reported the sexual harassment and retaliation.

38.     That by virtue of her wrongful discharge in violation of 25 O.S.2011, §§ 1101 through 1706 and Anti Discrimination Laws of the State of Oklahoma, Plaintiff has suffered actual damages of lost income, both past and future, emotional and mental distress.

39.     That Defendant's act of retaliation and terminating Plaintiff in violation of the

laws of the State of Oklahoma was wilful, malicious, and oppressive.  As a result, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment under for lost past and future income in an amount in excess of $10,000.00; for emotional and mental distress in an amount in excess of $10,000.00;  for punitive damages in excess of $10,000.00, and all other legal or equitable relief this Honorable Court deems just and proper.

## COUNT FOUR
## CAUSE OF ACTION FOR DISCRIMINATION

40.     For Count Four, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

41.     That the  Defendant discriminated and retaliated against Plaintiff due to her race (White) in violation of VII of the Civil Rights Act fo 1964, as amended by falsely writing her up and terminating her employment.

42.     That Miles and Loftin targeted, retaliated and terminated Plaintiff because she had caused a fellow black worker, Cobbs, to be terminated.

43.     As a further and proximate result of said acts, Plaintiff is now suffering and will continue to suffer irreparable harm and injury from the Defendant's practices as set forth herein

44.     As a proximate result of Defendant's wrongful acts as set forth, Plaintiff has suffered emotional distress, humiliation, embarrassment and mental anguish.

45.     Defendant at all times has been acting with malice towards Plaintiff and with conscious disregard of Plaintiff's rights.

WHEREFORE, premises considered, Plaintiff respectfully prays for, and based on the

above, is entitled to, a declaratory judgment that the policies, practices and procedures, complained of herein, violated Plaintiff's rights, as secured by Title VII of the Civil Rights Act of 1964 as amended, make award Plaintiff damages for humiliation, pain, suffering and emotional distress in an amount in excess of $100,000.00, plus punitive damages in an amount in excess of $100,000.00, and grant such additional relief as the court deems just and proper.

## COUNT FIVE
## CAUSE OF ACTION FOR AGE DISCRIMINATION

46.  For Count Five, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

47.  That the Defendant discriminated and retaliated against Plaintiff due to her age (55) in violation of The Age Discrimination Act of 1967, as amended by terminating her employment and replacing her with a younger worker.

48.  Plaintiff was maliciously and in reckless disregard of her rights, discriminated against in her employment by the Defendant and their agents or employees on the basis of her age, which was 55

49.  Defendant has maintained a pattern and practice of age discrimination against employees between the ages of 40 and 70, with respect to their employment.

50.  Defendant, has, by the use of facially neutral employment practices and on other occasions by the use of excessively subjective standards for selection of those to be dismissed , or forced into early retirement, caused a significant, adverse and discriminatory impact upon persons over the age of 40.  Plaintiff is one of the victims of the aforesaid practices.

51.  As a result of the above described discrimination by Defendant, Plaintiff has been

prevented from working until her planned retirement date and, as a consequence, Plaintiff has been deprived of income in the form of salary and fringe benefits, prospective retirement benefits, and other job rights and she has suffered irreparable harm.

WHEREFORE, Plaintiff respectfully prays for, and based on the above, is entitled to, a declaratory judgment that the Defendants' acts, policies, practices and procedures, complained of herein, violated Plaintiffs' rights, as secured by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.; and a permanent injunction restraining Defendant from violating the provisions of 29 U.S.C. §621 et seq.; Order Defendant to reinstate Plaintiff to her former position with Defendant and make Plaintiff whole by ordering damages for loss of income and lost fringe benefits and liquidated damages on account of the wilful nature of the violation in excess of $50,000.00; and grant Plaintiff her costs and attorney expenses.  .

        Respectfully submitted,

        THE COLLIER AND  HUBER LAW FIRM, P.C.

By:   S/ James R. Huber
      James R. Huber, OBA 15173
      616 S. Boston Ave, Suite 308
      Tulsa, Oklahoma 74119
      Telephone: (918) 742-4062

      Attorneys for Plaintiff